No. 10,501.

## CONRADT ET AL. *v.* CLAUVE.

NEGLIGENCE.—*Liability of Fair Managers.*—*Injury by Target Shooting.*—The proprietors of fair grounds and managers of a public fair, making a charge for admission, had allotted a part of their grounds to target shooting, but gave no notice thereof to the plaintiff, who was an attendant at the fair with horse and carriage. Ignorant of the danger, he hitched his horse where others were hitched, and his horse, worth $200, was shot and thereby killed.

*Held,* that these facts, the plaintiff being without fault, constituted a good complaint against such proprietors for the value of the horse.

INSTRUCTIONS.—*Repetition.*—It is not error to refuse to give instructions which, in another form, had been substantially given.

From the Miami Circuit Court.

*J. M. Brown, N. H. Antrim, H. J. Shirk* and *J. Mitchell,* for appellants.

*E. T. Reasoner, R. J. Loveland* and *J. L. Farrar,* for appellee.

FRANKLIN, C.—Appellee filed a complaint against appellants, consisting of two paragraphs; a motion to strike out parts of the first paragraph was overruled.

A demurrer was overruled to the first paragraph and sustained to the second. An answer in three paragraphs was filed to the first paragraph of the complaint. On motion of the plaintiff, the second and third paragraphs of answer were struck out, the first being a denial.

There was a trial by jury; verdict for the plaintiff for $153. The plaintiff remitted $13; and over a motion for a new trial, judgment was rendered for the plaintiff for $140.

The first specification of error is the overruling of the motion to strike out parts of the first paragraph of the amended complaint.

This motion is not made a part of the record by bill of exceptions or order of the court, and is not properly a part of the record. Nor could the ruling constitute available er-

ror if properly in the record. *Lake Erie, etc., R. W. Co.* v. *Kinsey,* 87 Ind. 514.

The second specification of error is the overruling of the demurrer to the first paragraph of the last amended complaint. This paragraph of the complaint substantially alleges that the defendants are, and were at the time of the injuries complained of, to wit, on the 16th day of September, 1881, the owners, managers and controllers of certain fair grounds, situate in Miami county, Indiana, and were engaged in the business of holding public fairs thereon, under the name of the Miami County Fair Association; that said grounds consisted of an enclosed tract of land, and that defendants charged fees for admittance therein by the public when fairs were thereon being held; that on said day they had a public agricultural fair progressing thereon; that within said enclosure, at said time, said defendants had set off and allotted a certain portion of ground for practice in shooting with a target gun, the same being a deadly weapon, which the defendants knew was liable to prove fatal to the life and to the injury of the persons and property of those who were on their said grounds unless due precautions should be taken to enclose said gun and target, or to notify the public of its dangerous character; but that the defendants had wrongfully and negligently omitted to take or see that there were taken such reasonable precautions as would shield the said public from danger, and would notify them that said place was dangerous; that on said day, and while said fair was in session, this plaintiff attended the same, and paid the customary price of admission thereto for himself, his horse, buggy and harness; that while within said enclosure, at said time, and being utterly ignorant of the location or existence of said gun, or that said portion of ground was reserved for target practice, and not knowing that he was sustaining any danger to himself or property, this plaintiff seeing other horses hitched to the fence near by, and deeming it the proper hitching place, drove his horse and hitched him to the fence aforesaid within the por-

tion of ground so negligently left open, and that soon thereafter, without plaintiff's fault or negligence, his said horse, while standing so hitched, was shot and killed by a ball fired from said target gun in the course of the practice for which the same had been established; that by reason of the horse plunging and falling in consequence of said shot, plaintiff's buggy and harness were broken; that all of said damages occurred without plaintiff's fault or negligence in any way contributing thereto. To his damage on account of death of horse $140, buggy, $20, harness, $5; and he asks judgment for $200.

The objections to this paragraph of the complaint are, that it does not allege that the horse was killed by either of the defendants, nor by any one in their employ; neither does it aver that the plaintiff could not have discovered the danger by the exercise of ordinary care and prudence.

The practice in target shooting appears to have been a part of the entertainment carried on at the fair, and as the defendants were the owners of the premises, and the managers and controllers of the fair, the practice in target shooting was a part of their exhibition, and under their supervision and control as much as any other part of the fair. And those having charge of the practice, as well as those engaged in it, while, perhaps, not strictly agents or servants of the defendants, were acting under the license and permission of the defendants; and such a relation existed between them as will hold the defendants liable for injuries resulting from their negligence in not properly controlling the conduct and management of this part of their exhibition.

The defendants might also be held liable for maintaining a nuisance upon their fair ground, by licensing and permitting such a dangerous practice as target shooting to be performed in a public place upon their fair grounds without properly guarding and notifying the public of the danger therefrom. The want of contributory negligence on the part of the plaintiff is sufficiently shown by the averments in this paragraph.

Conradt *et al. v.* Clauve.

There was no error in overruling the demurrer to the first paragraph of the complaint.

The third specification of error is in striking out the second and third paragraphs of the answer.

Pleadings that have been struck out can only be placed back in the record by bill of exceptions or order of the court, neither of which has been done in this case, and hence no question can be considered in relation to this ruling.

The fourth specification of errors is in refusing to give certain instructions.

The giving or refusing of instructions is not the subject of a separate specification in the assignment of errors, and can be considered only when stated as a reason in the motion for a new trial, and the overruling of such motion has been assigned as error.

The fifth specification is upon the overruling of the motion for a new trial.

The reasons stated for a new trial are, that the verdict is not sustained by sufficient evidence, is contrary to law, and in refusing to give instructions asked.

Appellant's counsel, at great length, and not without reason, have insisted that the evidence is not sufficient to sustain the verdict, and it may be that the court below ought to have granted a new trial for this reason; but in this court we can not weigh the evidence in order to determine its preponderance. Certain it is, if the verdict had been for the defendants, upon the evidence, this court would not have disturbed the verdict. But no matter how strong the preponderance of the evidence may be in favor of the appellants, if there is any evidence fairly tending to sustain the verdict, this court will not disturb it by the granting of a new trial upon the evidence. In this case the testimony of the plaintiff fairly tends tends to sustain the verdict, and we can not weigh all the evidence and decide upon its preponderance; that was the province of the jury in the court below; and when their verdict in such cases has been approved by the court below, by

the refusal to grant a new trial, this court will follow the decision of the court below upon the evidence.

As to the instructions asked and refused, the court, in its own instructions, had substantially given all that appellants asked, and, in form and substance, as favorable to appellants as they had a right to, or did ask the same to be given. There was no error in refusing to repeat the instructions given, by giving the ones asked. There is no available error in overruling the motion for a new trial.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

