STEPHEN I. DEXTER *vs.* THE TOWN COUNCIL OF CUMBERLAND.

Under Pub. Laws R. I. cap. 816, § 2, of August 1, 1889, of Liquor Licenses:

*Held,* that an owner of land within two hundred feet of the building for which a license is asked is sufficiently a party in interest to maintain *certiorari* against the licensing town council or board of commissioners.

*Held,* further, that when the statutory conditions are fulfilled, due notice given, and the requisite number of landowners do not object, granting the license is a matter of discretion, and this discretion is not reviewable in this court.

*Held,* further, that when the notice given does not specify the particular location for which the license is desired, the proceedings of license grant will be quashed on *certiorari.*

*Held,* further, that a notice stating the location merely as "Robert Tripp, High Street, Valley Falls," was fatally defective.

CERTIORARI.

*January* 28, 1891.   STINESS, J.   The petitioner represents that he is the owner of land within two hundred feet of the building for which the town council of Cumberland has granted a license to sell intoxicating liquors.   He alleges that said license was granted without the license which is required by statute; and also that the owners of the greater part of the land within two hundred

feet of said building filed their objections in writing to the granting of such license. We do not find from the record that this last averment is sustained. The question therefore arises, whether the petitioner is entitled to object to the record upon the ground of an improper notice, and also whether the notice given was so far short of the requirement of the statute as to invalidate the proceedings of the town council in granting the license.

*Certiorari* lies not only to review the decisions of inferior courts, but also the determinations of special boards, exercising a judicial power, affecting the rights or property of citizens, when no other legal remedy is provided. It is not necessary that the applicant should be a party to the record, but only that he should be interested in the subject-matter upon which the record acts. *Dyer* v. *Lowell*, 30 Me. 217. A special power is conferred upon town councils and license commissioners to grant licenses, by Pub. Laws R. I. cap. 816, § 2, of August 1, 1889;[1] but, before exercising

---

[1] As follows : —

SECT. 2. The town councils of the several towns, and the boards of commissioners as hereinafter provided, may grant or refuse to grant licenses to such citizens, resident within this State, for the manufacture or sale of pure spirituous and intoxicating liquors within the limits of such town or city, as they may think proper. Whenever any license for the sale of spirituous or intoxicating liquors shall be granted, the same shall be granted to expire on the first day of May next succeeding the granting of the same, unless revoked as is hereinafter provided, and such citizens resident may obtain at any time, in the discretion of the persons authorized to grant licenses, a license to expire on the first day of May next succeeding the granting of the same, and pay therefor a price which shall be in proportion to the length of time which the said license so granted shall continue in force bears to the price of a license for a year ; but no license granted under the provisions of this chapter shall authorize any person to sell any spirituous or intoxicating liquors on Sunday, or to any woman, except as hereinafter provided, or to any minor, or person of notoriously intemperate habits, or to sell or furnish intoxicating liquors to any person on a pass-book or order on a store, or to receive from any person any goods, wares, merchandise, or provisions in exchange for liquors. Before granting license to any person under the provisions of this chapter, said council or board shall give notice, by advertisement, for at least two weeks in some newspaper published in the city or town where the applicant proposes to carry on business, or, if there be no newspaper published in said city or town, then in some newspaper published in the county, of the name of the applicant for said license and the particular location for which the license is requested ; and shall give opportunity for remonstrants

this power, it is necessary to determine whether the precedent requirements of the statute have been complied with ; and also whether the owners of a greater part of the land within two hundred feet of the place proposed object in writing to the granting of such license. These determinations are of a judicial nature, upon which the jurisdiction of the board depends, and they may therefore be reviewed.

General remonstrances appeal only to the discretion of the board, and are not reviewable.

The owners of land within two hundred feet of a place proposed for a license are regarded by the statute as having such a special and peculiar interest, distinct from that of the public, in the subject-matter, that the owners of a greater part of such land may, by their objections in writing, prevent the granting of a license altogether. To insure this right of objection, the statute provides that notice shall be given, by advertisement in a newspaper of the town, or if none, in a newspaper of the county, for at least two weeks, of the particular location for which a license is requested. We think the petitioner has, under this statute, such a right or interest in the subject-matter as to entitle him to apply for the writ. In *Murray* v. *Supervisors of Mariposa County*, 23 Cal. 492, the plaintiff, owner of a ferry franchise over Merced River, averred that the board of supervisors, without the notice required by statute, granted a ferry license to another to run a ferry across

---

to be heard before them as to the granting thereof ; and no license shall be granted under this chapter to authorize the sale of any such liquors at any building or place where the owners or occupants of the greater part of the land within two hundred feet of such building or place shall file with the board having jurisdiction to grant licenses their objection to the granting of such license ; and before any license shall be issued under the provisions of this chapter, the person applying therefor shall give bond to the town or city treasurer in the penal sum of one thousand dollars, with at least two sureties satisfactory to the said council or board, which sureties shall be residents of the town or city where the licensee proposes to do business, conditioned that he will not violate any of the provisions of this chapter, and for the payment of all costs and damages incurred by any violation of this chapter ; and he shall also pay for such license to the town or city treasurer the sum hereinafter named, three fourths thereof for the use of such town or city, and one fourth to be paid over by the town or city treasurer to the general treasurer for the use of the State.

said river about twenty rods above the plaintiff's place, no such ferry being required by public convenience; that the reason given by the board, in their minutes, for granting the license was that due notice of the application had been given, and no legal excuse was shown why it should not be granted.   The complaint was held to be sufficient to authorize a writ of *certiorari*.

The case is hardly distinguishable from the case at bar.  In the petition of the Rhode Island Society for Encouragement of Domestic Industry, for a writ of *certiorari*, filed at this term, the court held, upon a motion to dismiss, that an owner of land within two hundred feet was a proper party to prosecute the application; but when it afterwards appeared that the objections filed did not embrace the owners of the greater part of the land, no defect of notice being set forth, the court held that the petitioner then stood in no different position from any general remonstrant, and as such was not a proper party to prosecute, whereupon the motion to dismiss was granted.   In the present case the insufficiency of the notice is specially set forth.   When due notice has been given, and the requisite number of landowners do not object to the license, it is then a matter of discretion with the board whether to grant the license or not.   Over such a conclusion this court has no control. But the owners of land have a peculiar interest in the matter of due notice.   If the particular location is not named, as required by statute, they have no means of knowing whether to object or not; their attention is not directed to the place which may affect them, and to which they have a right to object.   The omission to state the particular place may be the very reason why the required number do not appear, and thus they may be misled, when otherwise they could have prevented a license at that place.   They therefore have a direct and special interest in the matter; and, as individuals, they have no other remedy than *certiorari*.   A criminal prosecution of the licensee, or an information by the attorney-general, can hardly be said to be a remedy for them.

Was the notice insufficient?   We think it was unquestionably so.   It simply stated:  " Robert Tripp, High Street, Valley Falls." It cannot be said that for lack of numbers on the street, or for other reasons, no more particular designation could be given; for the application described the location to be " in a building owned

by Jeremiah Platt, Faulkner estate, and situated on the easterly side of High Street, in the village of Valley Falls." The published notice gave no such information as this. Where on High Street, or even on which side of the street, the place was, did not appear. When the statute requires the particular location to be given, in order that owners of land within two hundred feet of it may file objections, it evidently contemplates something more exact and definite than the notice in this case.

We therefore decide that the Town Council of Cumberland had no jurisdiction to · grant the license in question; that its proceedings therein were erroneous, and must be quashed.

*Order accordingly.*

> *Benjamin L. Dennis,* for petitioner.
> *Charles E. Gorman,* for respondents.