American Woolen Co. *vs.* Town Council of North Smith–field.

MARCH 30, 1908.

Present: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Intoxicating Liquors. Construction of word " Owners."*

Pub. Laws cap. 1355, § 1 provides, " no license shall be granted (for the sale of intoxicants) at any building or place where the owners of the greater part of the land within two hundred feet of such building or place shall file with the board having jurisdiction to grant licenses their objection to the granting of such license ":—

*Held,* that the word " owners " must be confined to its *prima facie* meaning, of those seized of freehold estates.

Certiorari. Heard on motion to dismiss, and granted.

Douglas, C. J. This is a petition for a writ of *certiorari* for the purpose of reviewing the action of the town council in granting a liquor license.

The petitioners are the owners of land within two hundred feet of the place for which the license was granted, and together with the New York, New Haven and Hartford Railroad Company, who are the lessees of other land within such area, objected to the granting of said license. The land owned by the petitioners, together with the land leased by the railroad company, within said area, constitutes more than the greater part of said area, but the land owned by the petitioner alone does not.

The respondents move to dismiss the petition, on the ground

that the New York, New Haven and Hartford Railroad Company are not "owners" in the meaning of the statute.

We think their motion must be granted. The word *owner*, while not a technical term, but one of wide application in various connections, primarily means, with respect to land a person who is seized of a freehold estate therein; one who owes no service to another which limits his dominion. In common speech we distinguish between an owner and a tenant, though the tenant may be considered an owner for the purposes of a statute or of a legal obligation if the necessary intention of the statute or the scope of the obligation require such construction.

Thus in *Gilligan* v. *Board of Aldermen*, 11 R. I. 258, where damages were given by law to "abutting owners" the word *owner* was held to include tenants for life or years, or from year to year, as well as owners of the fee. The object of the provision of the statute under consideration, being to give compensation for property injured, could only be secured by a construction which should include all persons having title to the property to which the injury was done.

In *McKee* v. *McCardell*, 22 R. I. 71, it was held that the owner of a building was not responsible to one injured by falling into an elevator-well over which the whole dominion for the time being had been transferred to a lessee, and that being charged as owner in the declaration, he could show his true relation to the property under the general issue without a special plea. So far as the case applies to the question we are considering, it holds that for the purposes of determining responsibility the word *owner* may mean the person in control.

(1)  These cases only illustrate the versatility of the word to suit the circumstances in which it is used. They shed no light upon its meaning in the statute we are considering, which is a clause of Pub. Laws cap. 1355, § 1, passed April 20, 1906, and reads as follows: "no license shall be granted under this chapter to authorize the sale of any such liquors, at any building or place where the owners of the greater part of the land within two hundred feet of such building or place shall file with the board

having jurisdiction to grant licenses their objection to the granting of such license."

It is argued by the petitioners that those who have the present use of the land surrounding the proposed location are more directly affected by the sale of liquors there than the owners of the fee of such land, and therefore the provision must have been enacted for their benefit. There is much cogency in this argument, and if the provision were a new one we might be persuaded that such was its intent. Yet with this construction there would arise great uncertainty in the application of the clause to certain cases. ' What degree of ownership should be required? Can a tenant by the month object, or must the tenancy be one by the year or for years? Must the lease be recorded, or will possession under a verbal lease suffice? Suppose the owner of the fee and the tenant were of different minds, whose right should prevail? Must all the owners, including landlords and tenants, of the greater part of the land combine, or may the tenants of one parcel and the owners of the fee of another unite in an objection as in the case at bar? If the latter, the right to object is made to depend upon occupation of the land, not upon paramount ownership in it.

There is nothing in the statute or in its object which certainly answers these questions unless we confine the word to its *prima facie* meaning. But the provision in question is an amendment of a former statute, Gen. Laws, cap. 102, § 2, which gave the right to object to the "owners or occupants of the greater part of the land," etc.

The clause now in force differs from the former law in omitting the word *occupants* only. It seems to us that, in view of the indefiniteness of the former statute, the main object of the legislature in making the amendment was to attain greater certainty in the definition of the class who may object. The intention being clearly restrictive, we must hold that the restriction shall be sufficiently drawn to make the meaning of the clause clear, and we can not find any definition of the word *owner* which obviates all doubt except its most narrow one. The former statute divided the parties who might object into two classes—"owners" in the strictest sense, and

"occupants;" the latter including lessees in possession and others of indefinite tenure, as was recognized in *Lonsdale Company* v. *License Commissioners*, 18 R. I. 5. 7, where the court said: "One of the remonstrants, viz.: the Lonsdale Company, was both the owner and occupant of a part of said land, while the other was the occupant as lessee of that part represented by it."

As is justly remarked by counsel for the respondents in their brief: "If lessees were occupants and not owners under General Laws, Chap. 102, Sec. 2, they are occupants and not owners under Public Laws, Chap. 1355, for the amendment has not enlarged the meaning of the word 'owners.'"

The motion to dismiss is therefore granted.

*Ambrose Kennedy*, for petitioner.

*George W. Greene and Herbert L. Carpenter*, for respondents.