OLIVER L. TURGEON *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, June Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A street-railway company which owns and maintains an amusement park for its patrons and the public, in order to hold and increase its traffic, is bound—like any one else who invites people to come upon his premises for business or pleasure—to exercise reasonable care to have and keep its grounds, and the structures and appliances thereon, reasonably safe for such visitors; and it makes no. difference as to the company's liability whether an admission fee is charged or not, or whether the structures and appliances are leased to others who operate and control them subject to the company's general supervision.

The engine on a miniature railway, which was one of the attractions of an amusement park owned and maintained by the defendant, ran off the track and struck and injured the plaintiff, who, with others, was standing nearby on a concrete pavement provided by the defendant in part for that purpose, listening to a band concert furnished by the defendant. No guard-rail protected the curve where

the engine jumped the track, nor were there any warning signs to indicate danger, and the track and road-bed were in bad condition. The engine had frequently left the track at another curve, and to prevent this a guard-rail had been put in at that point. *Held* that the plaintiff's evidence would have justified the jury in concluding that the accident was due either to the defendant's failure to use reasonable care to see that the miniature railway was so built, maintained and operated as not to expose visitors to the park to injury, or to its failure to warn the plaintiff of the liability of the engine to leave the track, and therefore the plaintiff should not have been nonsuited.

Whether the plaintiff, being in the place to which the defendant had invited him, had not the right to assume that the defendant had discharged its legal duty in making it reasonably safe, *quære*.

Argued June 7th—decided July 31st, 1911.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County where the plaintiff was nonsuited in a trial to the jury before *Gager, J.*, from which judgment he appealed. *Error and new trial ordered.*

*Arthur B. O'Keefe*, with whom was *Walter J. Walsh*, for the appellant (plaintiff).

*Harry G. Day* and *Harrison T. Sheldon*, for the appellee (defendant).

WHEELER, J. Evidence was received tending to prove the following facts: The defendant railway company owned and maintained an amusement park at Savin Rock to which it invited the public and its patrons, and there provided various attractions and entertainments, which it owned and leased to different persons. It maintained an office in the park and had a general manager there who had general supervision of the park.

One of the attractions which the defendant owned

Turgeon *v.* Connecticut Co.

and leased was a miniature railway operated and controlled by the lessee. In the center of the park was an artificial pond, pear shaped, around which was a concrete walk. Imbedded in the concrete walk was a narrow-gauge railway track, having fixed rails, laid upon ties, for the locomotive and car of the miniature railway to run upon. The rails were on a level with the walk, and no part of the track was visible in the walk, except the rails. The track passed from the walk into a tunnel and emerged from the tunnel on the other side of the pond. At the approach to and exit from the tunnel, the track curved, as it did at the point opposite the bandstand and just across the pond from this point. The public used this concrete concourse as a promenade.

On the night of the accident the defendant provided a free band concert, and among the crowd of persons listening to it was the plaintiff, who could not procure a seat, but stood facing the bandstand, with his back to the promenade, and some four or five feet from the railway track. While so standing, the engine, weighing about a ton and drawing a car, when going at the rate of five or six miles an hour, left the track and ran into the plaintiff, his wife, and a friend.

There was no guard-rail at this curve where the engine left the track, nor any warning signs to indicate danger, or that the engine might jump the track, and the plaintiff did not know of such liability through warning or otherwise. The track had been and then was in bad condition, the rails having spread in the tunnel and at the entrance to and exit from the tunnel, and at the curve at the exit from the tunnel there had been placed a guard-rail to keep the engine and cars on the track. The road-bed was bad: in places new ties were needed. The engine had frequently left the track at the curve at the exit from the tunnel, and

because of this the guard-rail had been placed alongside of the track.

The plaintiff did not know of the condition of the track or rails, or of the liability of the engine to jump the track, and it is difficult to understand how, in the exercise of ordinary care, he could have been expected to know this. He was in a place which the defendant had provided for him, enjoying the concert which the defendant furnished, and it would seem not unreasonable to have accorded to him the right to assume that the defendant had exercised reasonable care to make the place it had invited him to reasonably safe. .

Whether this conclusion should be drawn or not, it is entirely clear that it was one for the jury; it cannot be said as matter of law that the plaintiff was himself in fault.

The principal ground upon which the ruling on the nonsuit is justified is that there was no evidence to support the negligence charged.

It makes no difference whether admission was charged to the grounds or not. The amusement park was conducted as an attraction to its patrons by the railway company, in order to hold and increase its traffic. The plaintiff was there by the invitation of the defendant. One who invites others to come upon his premises for business or pleasure must exercise reasonable care to have and keep the premises reasonably safe for such visitors.

The defendant is not relieved of this duty because he had leased the miniature railway to an independent contractor. Note to *Hollis* v. *Kansas City, M. R. M. Asso.*, 14 L. R. A. (N. S.) 284 (205 Mo. 508, 103 S. W. 32); *Thornton* v. *Agricultural Society*, 97 Me. 108, 53 Atl. 979; *Sebeck* v. *Plattdeutsche Volkbest Verein*, 64 N. J. L. 624, 46 Atl. 631; *Richmond & M. Ry. Co.* v. *Moore*, 94 Va. 493, 505, 27 S. E. 70; *Texas State Fair* v.

*Brittain,* 56 C. C. A. 499, 118 Fed. Rep. 713; *Conradt*
v. *Clauve,* 93 Ind. 476. It was the defendant's place of
amusement; it was its invitation which brought the
plaintiff there; and it retained, despite its concession-
aries, a general supervision and care of the property.
It was the duty of the defendant to use reasonable
care to keep every part of the grounds to which it had
invited the plaintiff in a reasonably safe condition, and
to accomplish this end it was its duty to use reasonable
care to see that the railway was so built, maintained,
and operated as not to risk doing injury to any of its
patrons while in the park. *Thompson* v. *Lowell, L. &
H. Street Ry. Co.,* 170 Mass. 577, 49 N. E. 913; *Blakeley*
v. *White Star Line,* 154 Mich. 635, 637, 118 N. W. 482;
*Thornton* v. *Agricultural Society,* 97 Me. 108, 53 Atl.
979; *Richmond & M. Ry. Co.* v. *Moore,* 94 Va. 493,
505, 27 S. E. 70; *Texas State Fair* v. *Brittain,* 56 C. C.
A. 499, 118 Fed. Rep. 713; *Conradt* v. *Clauve,* 93 Ind.
476; *Dunn* v. *Agricultural Society,* 46 Ohio St. 93, 18
N. E. 496; *Mastad* v. *Swedish Brethren,* 83 Minn. 40,
43, 85 N. W. 913; *Fox* v. *Buffalo Park,* 21 N. Y. App.
Div. 321, 47 N. Y. Supp. 788; *Brown* v. *Batchellor,* 29
R. I. 116, 69 Atl. 293; 2 Cooley on Torts (3d Ed.)
p. 1259.

Upon the evidence before the jury, might the con-
clusion have been reasonably reached that the accident
resulted from the failure of the defendant to use rea-
sonable care to keep its premises reasonably safe for
its patrons? If the evidence supported such a con-
clusion, the motion to set aside the nonsuit was im-
properly denied; if the evidence did not support such
a conclusion, it was properly decided.

The jury might have found that the defendant knew
that if the engine left the track it was liable to run into
and injure its patrons and those who chanced to be
near the track upon the walk in which the rails were

imbedded, and that with the bandstand within less than forty feet of the railway the crowd listening to the music would be brought close to the track, and if the engine left the track it would be liable to injure some in the crowd. It might have found that the engine had frequently left the track at a curve, due probably to the spreading of the rails or the condition of the track. It knew that a guard-rail was a necessary precaution to prevent this at a curve, since it knew that the defendant had adopted such a precaution at the curve at the exit from the tunnel. It might have found that the rails had spread in these places where there were curves. It might have found that the engine left the track because of the defective condition of the road-bed, and the failure to have a guard-rail at this curve. It might reasonably have found that ordinary care toward its patrons required this defendant to have seen that the road-bed was in better condition, and a guard-rail placed at this curve, or that the defendant should have warned its patrons of the liability of the engine leaving the track, and the consequent risk to them.

The evidence uncontradicted would have supported a verdict, and hence we have no occasion to consider the doctrine of *res ipsa loquitur* invoked in behalf of the plaintiff.

There is error and a new trial is ordered.

In this opinion the other judges concurred.