JOSEPH GEORGE BERNIER, ADMINISTRATOR, *vs.* THE WOODSTOCK AGRICULTURAL SOCIETY.

First Judicial District, Hartford, October Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

Where it is sought to correct a statement of what occurred upon the trial, as distinguished from a finding of fact resulting from evidence, the remedy is by an application for a rectification of the appeal, supported by depositions, under § 801 of the General Statutes.

Written interrogatories submitted to the jury, and their answers thereto certified by their foreman, should be filed and recorded as part of the verdict, since the sole purpose of their submission is to obtain specific findings to explain or limit a general verdict.

The doctrine of supervening negligence does not apply where—as in the present case—the defendant has no chance or opportunity to save the plaintiff from the peril caused by his own negligence.

Instructions touching the defendant's negligence, even if erroneous, become harmless where the jury distinctly find that the injury and death of the plaintiff's intestate were directly due to his own negligence.

An agricultural association which invites the public to its grounds to

examine the exhibits or enjoy the amusements provided, is not an insurer of their safety, but is bound to use reasonable care to keep its premises in a safe condition for its visitors; and for a personal injury to one of its patrons caused by a breach of this duty the association is responsible, notwithstanding it had employed an independent contractor or concessionary to give the particular exhibition in the course of which the injury occurred.

In determining whether a charge correctly stated the law or not, it must be considered as a whole.

The case of *Turgeon* v. *Connecticut Co.*, 84 Conn. 541, explained and followed.

Argued October 6th—decided November 10th, 1914.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate and alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Windham County and tried to the jury before *Shumway, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*Eric H. Johnson* and *Ernest C. Morse*, for the appellant (plaintiff).

*Charles E. Searls* and *Charles L. Torrey*, for the appellee (defendant).

THAYER, J. The plaintiff upon the trial claimed that the evidence showed that while his intestate, Joseph G. Bernier, Jr., a boy twelve years and nine months of age, was witnessing a balloon ascension upon the defendant's fair grounds, a rope attached to the balloon as it ascended became wound around the boy's leg, carrying him up for the distance of three hundred feet into the air, whence he fell to the ground and was killed. He claimed also, as charged in the complaint, that this was caused by the defendant's negligence in failing to furnish spectators, including the intestate, a safe place to view the ascension; in failing to keep its grounds in a safe condition; in failing to place sufficient barriers or

ropes to keep spectators at a safe distance; in allowing the person in charge of the ascension to request spectators to assist in the ascension; in allowing ropes attached to the balloon to lie under or near the spectators' feet; in failing to adequately police the vicinity of the ascension; in permitting spectators, including the intestate, to approach so near the balloon that harm might come to them; in failing to cause a warning, sufficient to apprise them of their danger, to be given to the spectators; and in failing to use reasonable care in the selection of a suitable person to conduct the ascension.

That the boy was carried up by the balloon and fell and was killed was not in dispute. The defendant claimed that as the balloon was about to rise the boy seized the rope and wound it around his wrist, with the expressed purpose of going up a little way with the balloon; that his injury and death were thus due to his own negligence; that the defendant had used due care to provide a safe place for the ascension and to employ a capable and suitable person to conduct it; that the latter was an independent contractor engaged to make the ascension, using his own means and servants without interference by the defendant; that the ascension was not intrinsically nor obviously dangerous to spectators; that the defendant was not guilty of any negligence, and was not liable for injuries resulting from the personal negligence of the independent contractor.

The appellant's chief reasons of appeal relate to certain instructions given to the jury respecting the defendant's liability for the negligent acts, if any, of the person who conducted the ascension, should they find him to be, as claimed by the defendant, an independent contractor. He also assigned as error the court's findings of fact stated in the sixty-fifth paragraph of its finding, which reads as follows: "65. Upon the trial of the case in the Superior Court for Windham County to

a jury, the defendant requested the court to direct the jury in making up its verdict to answer the following three questions, and the court, in accordance with said request, directed the jury in said trial to answer the following three questions in making up its verdict, to wit: '1. Was the negligent conduct of Joseph George Bernier, Jr., the direct and probable cause of his own death? 2. Was the person engaged by the defendant to furnish and who did furnish the balloon ascension at which Joseph George Bernier, Jr., was killed, an independent contractor in furnishing such ascension? 3. Did the performance of the contract for such balloon ascension, if done in a careful and proper manner, *obviously* expose the plaintiff's decedent or other spectators to *probable* injury therefrom?' Said questions were submitted to the jury as aforesaid, and were unanimously answered by the jury as follows: '1. Was the negligent conduct of Joseph George Bernier, Jr., the direct and probable cause of his death?' Answer 'Yes.' '2. Was the person engaged by the defendant to furnish and who did furnish the balloon ascension at which Joseph George Bernier, Jr., was killed, an independent contractor in furnishing such ascension?' Answer 'Yes.' '3. Did the performance of the contract for such balloon ascension, if done in a careful and proper manner, *obviously* expose the plaintiff's decedent or other spectators to *probable* injury therefrom?' Answer 'No.'"

The plaintiff asks us in his brief and argument to correct the finding by eliminating from it this paragraph. The paragraph does not purport to be a statement of facts found by the court from evidence given upon the trial, but purports to be a statement of what occurred at the trial. If this statement is not warranted by what in fact occurred, the remedy is by a proceeding under General Statutes, § 801, for a rectification of the appeal.

*State* v. *Hunter*, 73 Conn. 435, 445, 47 Atl. 665. It is not a case for a correction of the finding under § 795 of the statutes, which applies only to cases tried to the court and not to cases tried to the jury, and provides for a correction of the finding where facts are found not warranted by the evidence, or are refused to be found although admitted or proved by undisputed evidence. Under § 801 an issue of fact may be raised as to the correctness of a statement in a finding of what occurred upon the trial, and a way is provided for determining that issue of fact. The plaintiff apparently attempted to secure a correction of the finding under § 795 by filing an application therefor with accompanying affidavit of facts in the Superior Court. This was irregular, but the refusal of this application laid the foundation for a proceeding in this court under § 801, which has not been pursued.

The record before us does not show that the statements in paragraph sixty-five of the finding are not warranted by what occurred at the trial. On the contrary, it appears from the charge, which is before us in the record for appeal, that the three questions were submitted to the jury in the charge, and they were told to answer them in writing "yes" or "no," and if they could not agree in answering them, to so report to the court. We understand from his argument that the plaintiff's claim is that, although the jury answered the questions in writing as instructed to do, they were not asked in open court whether they were agreed in the answers, and that the written questions and answers were not signed by the jurors or their foreman, and were not filed and recorded as a part of the record, and that therefore the court was not justified in its finding. As the sole purpose of submitting the questions was, or should have been, to obtain special findings by the jury to explain or limit the general verdict (*Freed-*

man v. New York, N. H. & H. R. Co., 81 Conn. 601, 614, 71 Atl. 901), it would seem that the interrogations and answers should have been filed as a part of the verdict. As the question is not properly before us, we are not called upon to decide it, but it would clearly be the better practice to so record them.

As no cause appears for changing the finding, and as this shows that the jury found that the intestate's injury and death were directly due to his own negligence, the plaintiff could not recover, although the defendant's negligence contributed to the injury. The plaintiff was not injured, therefore, by the instructions and refusals to instruct of which he complains, as these relate solely to the question of the defendant's negligence. One of the refusals complained of called for an instruction as to the defendant's liability in case of its supervening negligence. The instruction was not adapted to the case before the jury. The only claim of the defendant was that the intestate's negligence was the sole cause of his injury, in that he seized the rope just as the balloon was released from its moorings. There was no time for supervening negligence on the part of the defendant in any of the respects alleged in the complaint or in the requested instruction. The instruction was calculated to mislead the jury and was properly refused.

We do not agree with the plaintiff's counsel that the court's charge regarding the liability of an agricultural or amusement association for the acts of a lessee or independent contractor was at variance with the rule laid down in Turgeon v. Connecticut Co., 84 Conn. 541, 80 Atl. 714, and cases therein cited. Such an association, which has invited visitors to its grounds to examine the exhibits or enjoy the amusements provided, is not an insurer of such visitors against injuries caused by the personal negligence of the exhibitors or other conces-

sionaries who have secured space upon the grounds for the exhibits or entertainments, or who, as independent contractors, have been employed to give such exhibitions or entertainments there. But it is bound to use reasonable care to have and keep its grounds reasonably safe for its visitors while there, and is not excused from liability for injuries to such visitors while there, merely because they were caused by an independent contractor or concessionary. If a concessionary in conducting a shooting gallery so arranges his target that shots, or splinters from the target, are sent over the space occupied by visitors upon the grounds, or if he digs pits upon the grounds into which visitors are liable to fall, in either case such part of the association's premises become unsafe, and if it fails to use reasonable care to protect its visitors, it becomes liable for injuries caused thereby. This was the correct doctrine laid down in the *Turgeon* case above cited, and we there held that it was a question for the jury whether the defendant had used reasonable care to keep the premises, to which it had invited its patrons, in a reasonably safe condition; and a nonsuit, granted upon the ground that the plaintiff's injury was caused by the negligent derailing of a small engine or locomotive, operated by an independent contractor upon the defendant's grounds, was held to be erroneous. We think that the charge, taken as a whole, as it should be, correctly stated the law; but if it did not, the plaintiff was not injured by this portion of the charge, for, as the finding shows, the jury found that the intestate's injury was caused by his own negligence.

The other assignments of error were not pressed in argument and need not be considered.

There is no error.

In this opinion the other judges concurred.