CITY OF PROVIDENCE *vs.* TOWN COUNCIL OF TOWN OF SCITUATE.

JULY 6, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)   Condemnation Proceedings.   Intoxicating Liquors.   Objection to License.. Title to Property.*

By Pub. Laws, R. I., cap .1278 (1915), § 23, (An act to furnish the city of Providence with a supply of pure water) it is provided that upon the filing. of the statement and plat of the land condemned title to the land shall vest in the city, and that the city may take possession of any of such land, pro-- vided that without the consent of the owner it shall not take actual posses- sion, until after the expiration of one year from the date of the filing of such statement and plat.

*Held,* that the fact that the former owners were permitted to retain the occu- pancy of their premises for one year, did not affect the fact that the title to the land was in the city, and that as owner of the entire area within two hundred feet of the location where it was proposed to grant a liquor license it was entitled to object to the granting of such license.

CERTIORARI.   Heard on petitions for writs and proceed- ings of respondent quashed.

STEARNS, J.   These are two petitions for writs of *certi- orari* which by agreement of counsel were heard together and are to be considered as one case.

The petitioner is the city of Providence and the respond- ents are the members of the town council and the town clerk of the town of Scituate.   A motion to dismiss was made in each case and at the hearing before this court the cases were heard upon their merits.

The petitioner, the city of Providence, in each case repre- sents that it is the owner of the land within two hundred feet of the two buildings, to the occupants of each of which the town council of Scituate has granted a license to sell intoxicating liquors.   Each of the buildings in question is situated within the area condemned by the city of Provi- dence under authority conferred by Chapter 1278, Public Laws, 1915, which is entitled, "An act to furnish the city of Providence with a supply of pure water," and the city is now

engaged in establishing a large reservoir in the town of Scituate and the territory adjacent thereto.

By Section 23 of said Chapter 1278 it is provided that upon the filing of the statement and plat of the land condemned by the city, the title to the land thus condemned shall vest in the city of Providence in fee simple, and that (1) after the filing of such statement and plat the city may take possesssion of any such land, provided, however, it shall not take actual possession of any such land without the consent of the owner thereof until after the expiration of one year from the date of the filing of such statement and plat. Acting in pursuance of the authority of this statute the land in question was condemned by the city and the plat showing such condemnation was filed in the office of the town clerk of the town of Scituate on the 6th day of December, 1916. On the 30th day of November, 1917, the town council of Scituate at a special meeting of the town council granted a liquor license to one Albert H. Williams and also to one Joseph Brochu, each of whom at that time was the occupant and proprietor of a hotel and saloon situate in the area condemned by the city of Providence.    Prior to the meeting of the town council the city of Providence, acting through The Water Supply Board, filed its protest against the granting of each of the licenses referred to and at the meeting of the town council the city solicitor of Providence appeared and made objection on behalf of the city to the granting of the licenses.    The facts are not in dispute and the only question before us is in regard to the law applicable thereto.

It was argued in behalf of the town council that as the owners of the premises in question had not consented to surrender possession thereof to the city and as by the terms of the act the city was not entitled to the actual possession of the premises at the time the licenses were granted, the city had no such ownership as entitled it to make a valid protest against the issuance of the licenses as provided by Chapter 123, Section 2, General Laws, 1909.    In *Dexter* v. *Town Council of Cumberland,* 17 R. I. 222, this court held

that the determination of the question whether the owners of a greater part of the land within two hundred feet of the place proposed to be licensed objected to the granting of such license, was of a judicial nature and as such was subject to review by *certiorari* and that it is only after due notice has been given and when the requisite number of land owners do not object to the license that it is a matter of discretion in the licensing board whether to grant the license or not. See also *Lonsdale Co.* v. *License Commissioners*, 18 R. I. 5. In the case at bar we think that the city of Providence was the owner of the land in question within the meaning of the statute and also of the entire area within two hundred feet of the locations where it was proposed to grant liquor licenses. The fact that the former owners were permitted to retain the occupancy of their premises for one year gave them no greater right in regard to the subject matter under consideration than a lessee would have. The title to the land is in the city of Providence which is seized of a freehold estate therein. The law is settled in this State that it is the owner of the land and not the occupant or lessee who has the right to be heard in objection to the granting of a liquor license. *American Woolen Co.* v. *Town Council of North Smithfield*, 29 R. I. 93.

We therefore decide that the town council of Scituate had no jurisdiction to grant the licenses in question; that its proceedings therein were erroneous and in each case must be quashed.

*Elmer S. Chace, Charles P. Sisson,* for petitioner.

*F. L. Hanley,* for defendant.