ELIHU M. FRAZIER vs. GEORGE P. HARVEY AND OTHERS.

Where there is no express warranty and no fraud in the sale of personal property the purchaser takes the risk of its quality and condition.

Hogs were sold which had at the time a disease of which they all died soon after the sale, but which was unknown to both parties. Held that the price paid could not be recovered back on the ground of a failure of consideration.

ASSUMPSIT on a warranty of the soundness of certain hogs sold by the defendants to the plaintiff, with the common counts in general assumpsit; brought to the superior court in New London county, and tried to the jury on the general issue, before *Park, J.*

On the trial it was proved and admitted that on the 20th of September, 1865, the plaintiff bought of the defendants eleven live hogs, after seeing and examining them, and paid the sum of $216 therefor, and took immediate possession of the animals and removed them from the defendants' premises to his own, where they were kept by the plaintiff until they died. The plaintiff claimed, and offered evidence to prove, that at the time he bought the hogs the defendants warranted them to be sound, healthy and free from disease; that the next day or the day following one of them exhibited symptoms of sickness and soon died; that two others exhibited symptoms of sickness and died a few days later; and that in the course of three or four weeks all the rest of them died. The plaintiff also claimed to have proved that the death of the hogs was caused by disease with which they were infected at the time he bought them, and that in consequence thereof they were of no value, and that he received no benefit whatever from his purchase. The defendants claimed to have proved that they did not warrant the hogs to be sound, or make any representation whatever respecting their quality or condition; and that the disease of which they died was contracted after the plaintiff bought them and removed them to his premises. The plaintiff did not claim that in making

the sale there was any fraud on the part of the defendants. The defendants requested the court to charge the jury that, unless they found that the defendants expressly warranted the hogs to be sound, healthy and free from disease, their verdict should be for the defendants. The court did not so charge, but instructed them that if the defendants did not warrant the hogs to be sound, healthy and free from disease, the plaintiff was not entitled to recover upon the first count of his declaration ; but that he was entitled to recover, upon the common counts, the price paid for the hogs, with the interest thereon from the time he bought them, if at the time he bought them they were so infected with disease that they were of no value whatever, and that the plaintiff received no benefit whatever from his contract, and that there was a total failure of consideration ; but that the failure of consideration was not total if the hides or carcasses of the hogs were worth anything for any purpose whatever.

The jury returned a verdict in favor of the plaintiff for the sum of $235.44, and on being enquired of by the court whether they found the hogs to have been warranted, they replied that they did not, but that they found their verdict upon the common counts. The court accepted the verdict and the defendants moved for a new trial for error in the charge.

*Wait* and *Hovey*, in support of the motion.

1. Where, on the sale of personal chattels, there is no express warranty by the seller or fraud on his part, the buyer, who has an opportunity to examine and does examine the articles, must abide by all losses arising from latent defects equally unknown to both parties. *Dean* v. *Mason*, 4 Conn., 432 ; *Moses* v. *Mead*, 1 Denio, 378 ; *Stone* v. *Denny*, 4 Met., 154.

2. The unsoundness of an article sold does not amount to a failure of consideration. The consideration fails when the purchaser does not get the article which he buys and for which he pays his money. In the absence of warranty, the soundness or unsoundness of the subject matter of the sale

has nothing to do with the consideration. There is no relation of confidence between the buyer and the seller. In the absence of an agreement by the seller the purchaser takes his own risk as to the quality of the articles that he buys. The vendor of a chattel warrants the title and in some cases the species, but nothing more; consequently, when the title passes, the vendee has all that, under the contract of sale, the vendor engages to give him, and therefore the entire consideration for his promise. *Eagan* v. *Call*, 34 Penn. S. R., 236; *Mason* v. *Chappell*, 15 Gratt., 572; *Fortune* v. *Lingham*, 2 Camp., 416; *Jones* v. *Bright*, 5 Bing., 533; 1 Smith Lead. Cas., (H. & W. ed.) 182.

*Pratt*, contra.

1. The charge of the court, that if at the time of the sale the hogs were of no value whatever, there was a failure of consideration, and that on such failure of consideration the money paid could be recovered back, is in accordance with well settled principles and entirely unexceptionable. Metcalf on Cont., 219; 1 Parsons on Cont., 386; Story on Prom. Notes, sec. 187; 1 Parsons on Notes and Bills, 207; *Dean* v. *Mason*, 4 Conn., 428; *Cook* v. *Mix*, 11 id., 432; *Perley* v. *Balch*, 23 Pick., 283; *Robinson* v. *Bright's Exr.*, 3 Metc., (Ky.) 30; *Moses* v. *Macferlan*, 2 Burr., 1012; *Obbard* v. *Betham*, 1 Mood. & Malk., 483.

2. Under the charge the jury must have found that the hogs were of no value whatever at the time of the sale. The fact is to be taken by this court precisely as the jury left it. The case is not to be considered as if the hogs had some possible commercial value owing to the fact that the disease by which they were affected was unknown at the time. The jury have settled the question that they were wholly worthless.

HINMAN, C. J. This action is on a warranty of soundness and freedom from disease on a sale of certain hogs by the defendants to the plaintiff. There were also joined to the count on the warranty the common money counts. On the trial there was conflicting evidence in respect to the warranty, upon

which no question arises here. But it was claimed by the plaintiff that if he had not proved the warranty he was still entitled to recover on the money counts, on the ground of a failure of the consideration paid for the hogs, as he had proved, as he claimed, that at the time of his purchase of them they were all affected with a disease, of which in the course of three or four weeks they all died, and so they were of no value whatever at that time, and there was therefore an entire failure of the consideration ; and the court, on the plaintiff's request, charged the jury that if they found the facts on this part of the case to be as claimed by the plaintiff, he was entitled to recover upon the money counts the price paid by him for the hogs, with the interest thereon from the time he bought them..

This part of the charge we think erroneous. The rule of the common law is,·that where there is no express warranty, and no fraud· in the sale of personal property, the purchaser takes the risk of its quality and condition. He must therefore suffer all losses arising from latent defects equally unknown to both parties. This rule, which with us was definitely settled by the case of *Dean* v. *Mason*, 4 Conn., 432, is now too well understood as prevailing wherever the courts profess to be governed by the principles of the common law to require to be supported by the citation of authorities. But it is impossible to give full effect to this rule upon the idea that the charge in this case was correct, since it follows as a necessary inference from the rule that the total worthlessness of the article sold is as much at the risk of the purchaser, as can be any partial defect which only impairs to some extent its value. In other words, the rule itself would be abrogated in all those cases where the defect in the quality is such as to render the article worthless. But the plaintiff cites in support of a different doctrine the general principle to be found in the text books, that where the consideration of a contract fails the contract may be avoided, and if money has been paid for a consideration which has thus failed it may be recovered back. But the difficulty in the plaintiff's case is, that there is no failure of consideration where the purchaser

gets precisely what he agreed to purchase. Where the purchase is of chattels having a commercial value in the market, like live stock, it can not be said of them that they are wholly worthless while the quality of them is unknown, or a secret disease by which they are affected is undeveloped. At the time of this purchase the animals appeared to be free from disease and to be sound. Presumptively the fair market price for such animals was paid for them. They were then of value at the time of the purchase, and as the purchaser takes the risk of the quality where that is equally unknown to both parties, the secret defect which was afterwards developed should have been guarded against by insisting upon a warranty, unless the purchaser expected and intended to suffer any loss arising therefrom. The plaintiff has referred us to no case which supports his view of the law. This of itself is a strong argument against him; and there are also direct authorities to the effect that the total worthlessness of a chattel sold does not amount to a failure of consideration where the purchaser gets what he contemplated when he made the purchase; as where putrid fish wholly unfit for use as food were sold, and there was no warranty of the quality, the plaintiff claimed to recover the purchase money on the ground of the failure of the consideration; but the court said that if, instead of stock fish, the defendant had delivered a quantity of saw dust, the price might have been recovered back; but that stock-fish were delivered, and the defendant could not be permitted to try whether they were fit for use in an action for money had and received. *Fortune* v. *Lingham*, 2 Campb., 416. See also *Mason* v. *Chappell*, 15 Gratt., 572, to the same effect. Indeed there are many cases where this ground could have been successfully taken if it had been supposed to be tenable, as in *Moses* v. *Mead*, 1 Denio, 378, and other cases cited by the defendant's counsel on their brief.

We advise the superior court to grant a new trial.

In this opinion the other judges concurred; except PARK, J., who having tried the case in the court below, did not sit.