MAX OTT *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, June Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A jury's conclusion as to what the evidence establishes is final, unless it appears that it was one which could not have been reached reasonably and without indicating the influence of partiality, corruption, prejudice, or other impropriety.

Argued June 12th—decided July 6th, 1917.

ACTION to recover damages for injuries to the person and property of the plaintiff, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Greene, J.;* verdict and judgment for the plaintiff for $800, and appeal by the defendant. *No error.*

*Harrison T. Sheldon,* for the appellant (defendant).

*Charles S. Hamilton,* for the appellee (plaintiff).

PER CURIAM. The defendant concedes that the evidence presented to establish its negligence was such as to entitle the plaintiff to go to the jury upon that issue, and that clearly was the case. Upon the issue as to the absence of contributory negligence, evidence was before the jury which, if believed, would furnish a reasonable basis for the affirmative conclusion at which it arrived. Although we are not as strongly impressed by the trustworthiness of some pertinent portions of that evidence as the jury apparently was, we cannot forget that it was its office to determine what the evidence established, and that its conclusion must stand unless it appears that that conclusion was one which it could not have reached reasonably and without indicating that its members were influenced thereto by partiality, corruption, prejudice, or otherwise improperly.

We cannot say that the trial court erred in ruling that the jury's conclusion, that the plaintiff was in the exercise of due care, was not one which, under the accepted rules of law, it should disturb.

There is no error.