## MARY J. RILEY *vs.* RICHARD T. O'CONNELL, ADMINISTRATOR.

First Judicial District, Hartford, January Term, 1922.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

The jury is regarded by the law as the tribunal especially fitted to decide questions of fact, and, upon conflicting or improbable testimony, to find where the truth lies; and therefore a verdict should not be set aside as against the evidence, unless it is so manifestly opposed thereto as to indicate prejudice or partiality, or a mistake in the application of legal principles.

In the present case the parties were at issue as to whether a loan of $1,300, admittedly made by the plaintiff to the defendant's intestate in January, 1914, formed the consideration for a note of his to the plaintiff for $1,718, dated October 2d, 1917, as contended by the defendant, or whether the $1,300, with interest thereon, was due the plaintiff in addition to the $1,718 note, as she claimed and testified. *Held* that the verdict for the plaintiff was supported by some evidence, and was one which unprejudiced men might reasonably and logically have reached; and therefore it was not within the legal discretion of the trial judge to set it aside.

Addressing oral questions to a jury after they have returned their verdict, for the purpose of discovering how they reached their conclusion and what items it covered, is contrary to the approved practice in this State, as well as unnecessary and objectionable. It is within the reasonable discretion of the trial judge to submit written interrogatories to the jury before they retire, to be answered by them when they return their verdict, and this course should be pursued in preference to an oral discussion between judge and jury.

Argued January 5th—decided February 11th, 1922.

ACTION for money lent to the defendant's intestate, and for services rendered at his request, brought to the Superior Court in Hartford County and tried to the jury before *Webb, J.;* verdict for the plaintiff for $5,606.51, which the court set aside on the refusal of the plaintiff to file a *remittitur* of $1,872.22, and from this action the plaintiff appealed. *Error; cause re-*

*manded for judgment to be entered upon the verdict for the plaintiff.*

The plaintiff duly presented to the defendant her claim against the intestate estate of which he was administrator.   This claim amounted to more than $6,500, and included, besides some items for services, an item of $1,300 and interest, for money lent January 2d, 1914, and an item on a note dated October 2d, 1917, wherein the defendant's intestate promised to pay the plaintiff $1,718.10, with interest.   The defendant disallowed all the items of the plaintiff's claim except the one for this note, and that he allowed.   Thereupon the plaintiff brought this action, setting up in separate counts in her complaint all the items stated in the claim she had presented to the defendant, including this note.   The defendant in his answer disclaimed knowledge of the plaintiff's allegations sufficient to form a belief, alleged payment by the deceased, and set up that the services rendered, if any, were rendered gratuitously and without expectation of payment.

Upon the trial the plaintiff offered evidence to prove and claimed to have proved all the items of her claim set out in her complaint.   The defendant did not dispute that the plaintiff lent $1,300 to the defendant's intestate on January 2d, 1914, but offered evidence to prove and claimed to have proved that this indebtedness was a part of the consideration for the note of October 2d, 1917.   Upon this matter the court charged the jury as follows:   "So that the claim of the administrator is, I think, that there is this indebtedness which originally was $1,300 loaned by Mrs. Riley to her brother on the second of January, 1914, which was never thereafter repaid, but which is now included in this note set forth in the fourth count of the complaint, the note in suit, to which I have called your attention. You will give that claim, gentlemen, such consideration

as you think it deserves, in view of all the evidence which has been presented to you in the trial of this case."

The jury delivered to the court a verdict for the plaintiff to recover $5,606.51. Thereupon the court of its own motion, put the following questions to the jury, after they had resumed their seats in the jury box, to which answers were made as stated:—

"*The Court:* Mr. Messenger, will you bring me the file from the jury room. You may be seated a moment, gentlemen. I assume, of course, gentlemen, there is included in the plaintiff's verdict, the sum which was agreed upon, namely, the note in suit, with interest,— you have included, of course, that? *The Foreman:* We have. *The Court:* I may inquire whether you have, also, included the sum of thirteen hundred dollars, concerning which there was dispute? *The Foreman:* Yes. *The Court:* You have included that also? *The Foreman:* Yes, sir. *The Court:* I understand from your verdict you reached the conclusion that that was a separate and independent loan. *The Foreman:* Yes. *The Court:* And not included in this note which was finally given, about which there was no dispute. *The Foreman:* That's the total with the note. . . . *The Court:* That is you inform me as follows: If I understand, you have allowed the note, with interest, $2,027.08. *Juryman:* Yes, sir. *The Court:* And on the $1,300 you have allowed $1,914.22. *Juryman:* We have allowed the note that was offered in evidence, and, also, we have allowed the note under the claim of Mrs. Riley for $1,300, with interest. *The Court:* Which amounts, that $1,300, with interest,—amounts, as you have given in your figures, to $1,914.22? *Juryman:* No, $1,872.22. *The Court:* Then I misunderstood the figures. $1,872.22. That's the $1,300 with interest. *Juryman:* Yes, sir. . . . *The Court:* Now if I may

call those figures off again: you have first on note and interest, $2,027.08. *Juryman:* Yes, sir. *The Court:* On the $1,300 and interest you have $1,872.22. *Juryman:* Yes, sir." No objection to these proceedings was made by either party.

The court then ordered the verdict to be recorded, and the defendant filed his motion to set it aside on the ground that the loan of $1,300 was included in the note dated October 2d, 1917, and therefore the verdict should be reduced by the amount of that loan and interest, to wit, $1,872.22. The court ordered that this motion be granted unless the plaintiff would file a *remittitur* in that sum. This the plaintiff refused to do, and the court set the verdict aside.

*John J. Dwyer,* for the appellant (plaintiff).

*Stewart N. Dunning,* for the appellee (defendant).

BURPEE, J. It is not questionable that the trial court properly instructed the jury that it was for them, considering all the testimony before them, to decide whether the admitted loan of $1,300, made by the plaintiff to the defendant's intestate, was reckoned by him as a part of the consideration for the note which he afterward made and delivered to the plaintiff, and which was allowed by the defendant as a just and unpaid claim against the intestate estate. It is also unquestionable that the trial court, after the jury had reached their conclusion concerning the issues of fact, had the power to set aside their verdict upon the ground that it was against the evidence (General Statutes, § 5840). But its legal discretion to exercise that power is confined within clearly defined and long-established limits. The verdict should not be disturbed "where it is apparent that there was some evidence upon which

the jury might reasonably reach their conclusion." *Burr* v. *Harty*, 75 Conn. 127, 129, 52 Atl. 724. "It is only when the verdict is manifestly and palpably against the evidence in the case—so much so as to indicate that the jury was swayed by passion, ignorance, partiality or corruption—that it should be set aside on that ground and a new trial granted." *Lewis* v. *Healy*, 73 Conn. 136, 138, 46 Atl. 869. This rule has been often and consistently stated by this court. *Fagerholm* v. *Nielson*, 93 Conn. 380, 387, 106 Atl. 333.

We have examined the evidence reported in this case. It appears that the plaintiff testified positively that the loan of $1,300 was not included in the consideration for the note; that when the deceased handed her the note while he was calling on her in her home, she called his attention to the omission; that he took the note and looked at it and admitted the mistake willingly; that, not having any suitable paper with him at the time, he told her to keep this note until he came again, when he would bring her another note, or would send her another note, including the full amount of borrowed money, and then she could destroy the note she had; and that she never saw him again and he died a few months afterward. This testimony was not directly contradicted. The only attack upon it was made through an interpretation put by the defendant upon other statements made by this witness concerning certain details of her transactions with the deceased. The defendant claimed that these statements thus interpreted were so contradictory and improbable as to discredit entirely her testimony relating to the consideration for the note, and to require the jury to decide adversely to the plaintiff's claim. But the jury were neither constrained to accept the defendant's interpretation of the statements, nor required to give them the effect the defendant preferred. It was for them to

Riley *v.* O'Connell.

determine for themselves, after fairly considering the
claims of both parties, what weight should be given to
each part of the evidence, and what bearing each part
should have on any other part and on the whole evi-
dence, and the credibility of the witnesses who had
been heard and seen by them as well as by the trial
judge. While the opinion of the latter should be
greatly respected, the jury is the tribunal which is
regarded by the law as the one especially fitted to
decide questions of fact, and in conflicting and im-
probable testimony to find what the truth is.

It appears in its memorandum on the motion to set
aside the verdict, that the trial court was led to its
decision by its opinion that "it is manifest that the
jury were influenced by some prejudice or mistake."
We find little in the record or in the claims of counsel
to support this opinion. Certainly it is not manifest
that the verdict was unjust. Much less is its injustice
"so plain and palpable as clearly to denote that some
mistake was made by the jury in the application of
legal principles, or as to justify the suspicion that they
or some of them were influenced by prejudice, cor-
ruption or partiality." It is only in such circumstances
that the verdict may be found to lie within the limits
by which is confined the legal discretion of the trial
judge to set it aside. *Fell* v. *Hancock Mutual Life Ins.
Co.,* 76 Conn. 494, 496, 497, 57 Atl. 175. If its injustice
is not so plain and palpable, the verdict should not be
disturbed. It may be true, as it seemed to the trial
judge in this case, that it was improbable that the
earlier loan of $1,300 was not included in the note
admitted to be a just claim, and that the evidence of
any other consideration for that note was vague and
conflicting; but these were matters for the jury to con-
sider and decide. Notwithstanding the opinion of the
trial judge, to which much weight should be allowed,

the conclusion the jury reached is final and must not be upset, unless upon examination of the reported evidence, it appears to be so plainly unjust as clearly to denote a mistake or prejudice. This verdict seems to us to be supported by some evidence and to be one which unprejudiced men might reasonably and logically have reached. Therefore it was not within the legal discretion of the court to set it aside.

The plaintiff assigns as erroneous the conduct of the trial court in interrogating the jury in the manner and circumstances described in the statement of facts. Such conduct was contrary to the approved practice in this State. In our courts it has been the general practice to direct the jury, upon request of either party, to bring in separate verdicts on distinct counts, rather than to seek information by questioning the jury after their verdict has been returned. The latter method seems to have been resorted to in one reported case. *Frazier* v. *Harvey,* 34 Conn. 469. In another, *Johnson* v. *Higgins,* 53 Conn. 236, 1 Atl. 616, *Judge Torrance* refused the request of one party, objected to by the other, "to inquire of the jury on what grounds their verdict was based," and to direct them to render a verdict on each count of the complaint. This court held that it was the general practice in this State to pursue the latter course, although the former mode had been resorted to. We think that putting oral questions to a jury after they have returned their verdict is objectionable and unnecessary. It is within the reasonable discretion of the trial judge to submit proper interrogatories to the jury before they retire, to be answered when they return their verdict. When and to what extent this may be done, and when and how counsel may request that such interrogatories be put, is to a great extent within the discretion of the trial court to determine, in the absence of any statute

or rule upon the subject. *Freedman* v. *New York, N. H. & H. R. Co.*, 81 Conn. 601, 614, 71 Atl. 901. Without formulating definite rules, we stated in the opinion in this case "some of the general requisites of . . . permissible interrogatories." Manifestly these requisites cannot be met by oral questions addressed informally to a jury after they have rendered their verdict. Therefore they are not included among "permissible interrogatories." The requirements prescribed in the opinion cited above were deemed reasonable and necessary "to limit a general verdict," or to aid in subsequent proceedings to review it or the judgment rendered upon it. Only written interrogatories are adapted to serve such purposes or sufficient to meet the specified requirements. They and their answers should be returned with and filed as a part of the verdict. *Bernier* v. *Woodstock Agricultural Soc.*, 88 Conn. 558, 563, 92 Atl. 160. The approved procedure in submitting questions to the jury has been indicated in *Longstean* v. *McCaffrey's Sons*, 95 Conn. 486, 499, 111 Atl. 788.

For the reasons we have stated, it is our opinion that in setting aside the verdict in the manner and circumstances disclosed in the record of this case, there was error.

There is error; the cause is remanded and the Superior Court is directed to enter its judgment upon the verdict for the plaintiff.

In this opinion the other judges concurred.