### THE STATE OF CONNECTICUT *vs.* WILLIAM J. O'BRIEN.

Third Judicial District, Bridgeport, October Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

The first count of the information charged the accused with an unlawful sale of intoxicating liquor on December 15th; the second count with keeping such liquor on December 17th with intent to sell. The State offered evidence under the second count that the police discovered numerous cases, bottles and flasks of liquor so ranged about the walls of the accused's cellar as to be easily accessible; that many of the bottles bore no government stamp and were conveniently wrapped for purposes of delivery in newspapers of such recent date as to discredit entirely the accused's explanation that he so wrapped the bottles in 1920 when he had removed the entire stock of liquor from the saloon, previously conducted by him, to his cellar for his private use. The jury found the accused not guilty on the first count and guilty on the second. *Held:*—

1. That the verdict was not inconsistent, nor was there error in the trial court's charge that the jury could return such a verdict, since the offense of keeping with intent to sell may be committed without an actual illegal sale.

2. That the evidence reasonably supported the verdict of guilty on the second count.

Argued November 12th—decided December 1st, 1924.

INFORMATION in two counts, one for selling intoxicating liquor, and one for keeping such liquor for the purpose of sale, brought by appeal of the accused from a judgment of the City Court of Stamford to the Criminal Court of Common Pleas in Fairfield County and tried to the jury before *Booth, J.;* verdict and judgment of not guilty on the first count and guilty on the second count, and appeal by the accused. *No error.*

*Robert R. Rosan,* with whom was *Charles E. Moore,* for the appellant (the accused).

*Lorin  W.  Willis*, Prosecuting Attorney, for the appellee (the State).

KELLOGG, J.  The appellant, the accused, was charged with  violating  the  liquor  law  under  an  information containing two counts: first, that on December 15th, 1923, the accused did sell and expose for sale certain spirituous  and  intoxicating  liquors;  and  second,  that on the 17th day of December, 1923, the accused had in his possession for the purpose of sale certain spirituous and  intoxicating  liquors.

Upon the trial of the case to the jury, the State offered  evidence  to  prove  and  claimed  to  have  proved these facts, among others.    On the 15th day of December, 1923, the accused resided at No. 15 Willow Street, in the city of Stamford, and on that day one Markowitz called  at  the  residence  of  the  accused  and  purchased from him a quart bottle of whiskey containing forty-seven per cent of alcohol and fit for beverage purposes. On  December  17th,  1923,  under  the  authority  of  a search  warrant,  the  residence  of  the  accused  was searched  by  the  police  authorities  of  Stamford  and  a large quantity of liquor and wine was found in the cellar. A large portion of the liquor then found was Scotch and rye  whiskey  and  gin,  in  broken  and  unbroken  cases and in bottles taken from the cases, and was easily accessible upon entering the cellar.    Upon the cellar floor, ranged about and around its sides and against its walls were  numerous  packages  neatly  done  up  with  newspapers wrapped about them and tied with string.    Subsequent  examination  of  these  packages  showed  that they were in each instance a bottle of Lawson Scotch whiskey.    Also there were found two half-pint bottles, commonly  known  as  hip-pocket  flasks,  which  were filled  and  without  any  label  or  mark  on  them.    The newspapers wrapped about the bottles of Scotch whis-

key placed on the cellar floor were of dates shortly prior to December 17th, 1923, in some instances, December 9th, 1923, December 6th, 1923, and November 23d, 1923. Also there was no United States Internal Revenue stamp or any other government stamp or seal found upon a number of the bottles of whiskey then found in this cellar. Prior to his arrest and until about August, 1920, the accused had been engaged in the saloon business in Stamford.

The accused, on the other hand, offered evidence to prove and claimed to have proved the following facts: From about 1903 until 1920 he conducted a saloon for the sale of intoxicating liquor in Stamford, but in 1920 sold the bar and fixtures, and prior thereto removed all intoxicating liquors contained in his saloon to his residence in Stamford. The liquor seized by the police officers at his home was a portion of the liquors so removed from his saloon to his residence. He had personally wrapped in the newspapers the bottles of Scotch whiskey found upon the cellar floor, and did so at his saloon before he sold it and prior to removing these bottles from his saloon to his residence. The liquor was not kept by the accused with the intent to sell the same, but was owned and kept by him for his own private use. He did not sell any liquor on December 15th, 1923, to Markowitz, as charged in the first count, nor to any other person, either on that day or prior or subsequent thereto. At the time of his arrest his business was that of a real-estate broker.

The jury returned a verdict of "not guilty" upon the first count, that of a sale, and "guilty" on the second count, keeping intoxicating liquors for the purpose of sale, and the accused appeals to this court from the judgment rendered upon the second count, claiming that the court erred in denying the motion of the ac-

cused to set aside the verdict of the jury and also in its charge to the jury.

The chief contention of counsel for the accused is that the verdict of the jury was contrary to the evidence, and this is based mainly upon the action of the jury in finding the accused not guilty upon the first count, that of a sale to Markowitz. By this verdict upon the first count it is contended, and rightly so, that when the jury approached their consideration of the second count, they did so with the determination that there had been no evidence before them, upon which they could rely, that there had been a sale of intoxicating liquor by the accused at his residence. In order, however, to render a verdict under the second count, that the accused did keep intoxicating liquors in his possession for the purpose of sale, it was not necessary for the State to prove that there had been an actual sale to anyone. "The offense of an illegal sale may be committed without a previous owning and keeping of the liquors sold with intent to sell them without a license therefor; State v. Wadsworth, 30 Conn. 55; and of course the latter offense may be committed without an actual illegal sale." State v. Ryan, 68 Conn. 512, 515, 37 Atl. 377.

Apart from any question of a sale, there was considerable and quite pertinent evidence offered by the State to prove that the accused did have in his possession a large quantity of liquor kept by him with intent to sell. The manner in which this large quantity of liquor was kept by the accused was significant of the purpose for which it was kept and could well warrant a jury in finding that it was kept for the purpose of sale. Many bottles of whiskey were found near the entrance to the cellar and apparently prepared for delivery, having been taken from the cases and wrapped in newspapers and tied with string. All of the newspapers bore dates immediately prior to the search and seizure by

the police. The accused testified that he had so wrapped these bottles prior to his removal of them from his saloon some three years previous. The dates, however, on the newspapers were conclusive evidence that the accused was testifying falsely concerning this. Also there was evidence of the finding of flasks filled and ready for delivery, and further the evidence that a considerable portion of the liquor found bore no Internal Revenue or Government stamp, necessary if the liquor had been obtained, as the accused claimed, prior to its removal from his saloon in 1920.

"A verdict will be set aside 'only when manifest injustice has been done by the verdict, and the wrong is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they, or some of them, were influenced by corruption, prejudice, or partiality.'" *State* v. *Buxton,* 79 Conn. 477, 480, 65 Atl. 958; *Robinson* v. *Backes,* 91 Conn. 457, 99 Atl. 1057; *Ott* v. *Connecticut Co.,* 92 Conn. 85, 101 Atl. 485; *Fagerholm* v. *Nielson,* 93 Conn. 380, 106 Atl. 333; *Potts* v. *Buckley,* 97 Conn. 174, 11 Atl. 726; *Riley* v. *O'Connell,* 97 'Conn. 182, 116 Atl. 89; *Onofrey* v. *Resnik,* 100 Conn. 748, 124 Atl. 401. "A verdict should not be set aside if there was some evidence before the jury upon which they might reasonably have reached their conclusion." *Seidler* v. *Burns,* 86 Conn. 249, 85 Atl. 369.

In this case we cannot say that there was no evidence upon which the jury might not reasonably have reached their conclusion, or that it was so manifestly opposed to the evidence as to indicate prejudice or partiality, or a mistake in the application of legal principles. On the contrary, we are of the opinion that the jury were entirely justified on the evidence in reaching their conclusion.

The remaining claimed grounds of error are that the court erred in portions of its charge to the jury, and can be considered together and briefly. The portions of the charge claimed to be erroneous were as follows: "It is a question of fact for you to determine whether or not this defendant kept the liquor for the purposes of sale." "So then, the case presents itself in the manner accordingly as you weigh the evidence and determine upon your decision. You are at liberty to return a verdict of guilty on both counts, or not guilty on both counts, or guilty on one count and not guilty on the other, accordingly, as I say, as you determine the evidence to have proved or not proved."

The accused was charged in one count with a sale of liquor on December 15th, 1923, and in the second count with keeping intoxicating liquor for the purposes of sale on December 17th, 1923. These portions of the charge objected to call the jury's attention to two separate offenses on two separate dates, and it was a question of fact for the jury to determine whether either, or both, or neither, of these offenses were committed. It was certainly entirely proper and necessary for the court to charge as it did.

There is no error.

In this opinion the other judges concurred.