MARTIN J. FLYNN ET ALS. *vs.* THOMAS F. FLYNN, EXECUTOR (MARTIN J. FLYNN ET ALS. APPEAL FROM PROBATE).

Third Judicial District, New Haven, January Term, 1927.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, JS.

Although it is the exclusive function of the jury to determine the weight of the evidence and the credibility of the witnesses, and although the action of the trial court in refusing to set aside a verdict involves the exercise of a legal discretion and is entitled to great weight, nevertheless the conclusion of the jury cannot stand upon appeal if it appears that it could not have been reasonably reached by fair and intelligent men acting reasonably.

Argued January 25th—decided March 2d, 1927.

APPEAL by the plaintiffs from an order of the Court of Probate for the district of New Haven approving and admitting to probate a certain instrument as the last will and testament of Martin Flynn, late of New Haven, deceased, taken to the Superior Court in New Haven County and tried to the jury before *Avery, J.;* verdict and judgment for the plaintiffs and appeal by the defendant. *Error and new trial ordered.*

*Walter J. Walsh* and *Frederick L. Perry,* for the appellant (defendant).

*Thomas R. Robinson,* with whom was *Kenneth Wynne,* for the appellees (plaintiffs).

CURTIS, J.　Upon the trial of this appeal from probate, the plaintiffs relied upon two points in their reasons of appeal; that at the time of the making and signing of the instrument purporting to be the last will of Martin Flynn, he was mentally and physically incapacitated to make and execute such instrument, and lacked testamentary capacity; and he was, under undue influence exercised by the beneficiaries named in the instrument, induced to make and sign with his mark such instrument.　The verdict of the jury was that the paper offered for probate was not the last will of Martin Flynn.　Defendant moved that the verdict be set aside as contrary to the law and evidence.　The court denied the motion and from this ruling the defendant has appealed.　We are, therefore, required to review the evidence, and determine whether the trial court abused the legal discretion vested in it, when it refused to set the verdict aside.

In the recent case of *Maroncelli* v. *Starkweather,* 104 Conn. 419, 133 Atl. 209, we reviewed briefly the law of this State relating to the exercise of the legal discretion of the trial court in setting aside or refusing to set aside a verdict.　We summed up the result of such review in substance as follows: the action of the trial court in exercising its legal discretion on a motion to set aside a verdict should be upheld unless it appears that under the evidence the conclusion of the jury could not have been reasonably arrived at by fair and intelligent men acting reasonably.

The action of the trial judge in refusing to set aside the verdict is entitled to great weight.　*Schulte, Inc.* v. *Hewitt Grocery Co.,* 101 Conn. 750, 125 Atl. 365.

As we said in *Canfield* v. *Sheketoff,* 104 Conn. 28, 30,

132 Atl. 401: "A verdict is not to be . . . set aside by weighing the evidence and determining the credibility of witnesses, for this is the exclusive function of the jurymen themselves, and if they acted reasonably, their conclusion upon these points is final. It is not for us therefore to say what portions of the evidence should or should not have been believed by the jury in this case, but we are bound rather to decide whether the verdict was sound upon any reasonable and fair interpretation of the evidence."

The discussion of the question presented in this case is substantially abbreviated by a concession by the plaintiffs made in the course of the trial. It was conceded that Martin Flynn, the testator, was of sound mind and mental capacity sufficient to make a will up to the date of his last sickness, December 31st, 1925, from which time he never left the house. The testator executed this instrument about three p. m. on Sunday, January 3d, 1926, and died at eleven-forty that evening.

We have examined the evidence with care and are fully satisfied that fair and intelligent men could not reasonably reach the conclusion that the jury did reach. The testimony as to what occurred at the execution of the will and just preceding and following it, makes it clear that the testator did at the execution of the will possess testamentary capacity and did make and execute his will free from any undue influence. Furthermore, the provisions of the will, when considered in the light of the relationship, environment and life of the testator, disclose a reasonable and just disposition of his estate.

We fully recognize that it is the function of the jury to determine the credibility of witnesses and the weight of the evidence, and that if they acted reasonably their conclusion is final; but we are unable to

hold that the verdict was justified upon any reasonable and fair interpretation of the evidence. The court, therefore, erred in denying the defendant's motion to set aside the verdict.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred, except MALTBIE and HINMAN, Js., who dissented.