## ANNE LISA *vs.* YALE UNIVERSITY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued March 3d—decided April 7th, 1937.

*Martin E. Gormley,* with whom, on the brief, was *Adrian W. Maher,* for the appellant (defendant).

*Harry M. French,* with whom, on the brief, was *Albert W. Cretella,* for the appellee (plaintiff).

BROWN, J. It is undisputed that upon the evidence the jury could properly have found that the plaintiff, shortly after 3 o'clock on the afternoon of February 22d, 1936, while walking on the defendant's property along a semi-circular passageway to the main entrance of its institute of human relations, for the purpose of visiting a patient therein during the prescribed visiting hour, in the exercise of due care on her part, slipped and fell on ice accumulated on the walk, causing the serious injury complained of. The sole question determinative of this appeal is whether the evi-

dence warranted the jury's further conclusion that the slippery condition of the walk existing at this place was due to the defendant's negligence. The defendant contends that the only reasonable conclusion to be drawn from the evidence is that it had exhausted every possible effort to remedy this situation caused by changing climatic conditions and to keep the premises reasonably safe, so that to  hold it liable would be to impose upon it the duty of an insurer, and that therefore as a matter of law the verdict in the plaintiff's favor should be set aside.

In support of its contention the defendant directs attention to the evidence, that this had been an unusually severe winter, that snow previously removed from this walk had been piled along the sides where it froze, that February 22d was a clear day with a temperature range of from fifteen to twenty-seven degrees above zero, that the slippery condition at the place in question was due to new ice formed from water from the melting snow, that to guard against this danger the defendant had available an ample supply of sand, tools with which to spread it, a supervisor to see that it was properly applied, and three assistants who were instructed to do the sanding upon this and other walks of the defendant in that locality, that during that day between 7 o'clock in the morning and 4 o'clock in the afternoon, this particular walk was repeatedly inspected and sanded.

There was also, however, evidence that Devlin, the defendant's employee who had direct charge of the sanding of this walk, knew that during that day water was dripping onto the walk and freezing, that shortly after 3 o'clock, when the plaintiff fell, the walk for its entire width at that point was very glassy and slippery from ice formed from water from melting snow and that this had no sand on it, that this same condi-

tion persisted from sometime before the plaintiff's fall until after 4 o'clock, that the defendant's employee stationed just inside the entrance was notified of this condition at 3 o'clock, that though it was her duty to report it for necessary attention, she failed to do so, and it was not in fact so reported until after 4 o'clock, that notwithstanding the defendant had sand available and employees to apply it within easy call, the ice upon this much-used walk remained unsanded until 4 o'clock. In addition to these facts, as to which there was direct testimony, the jury might have reasonably inferred from the character of the patch of ice, the temperature during the day and its formation from the dripping of water upon the passageway that the condition had existed for some considerable space of time; and they might also have reasonably inferred that the dripping of the water was an obvious source of danger which should have put the agents of the defendant upon notice of the need of careful oversight and that the visiting hour from 3 to 4 o'clock was the time when the entrance would be most used.

In so far as the determination of this appeal is concerned, the jury's verdict for the plaintiff makes clear that it resolved the square conflict of testimony as to whether the ice at this place was or was not sanded at the time of the plaintiff's fall, in her favor and against the defendant. *Canfield* v. *Sheketoff,* 104 Conn. 28, 34, 132 Atl. 401. This was a plain question of fact and we do not understand the defendant to dispute the right of the jury to pass upon the credibility of the testimony relating thereto and determine it. The duty resting upon the defendant as to this walk was to use reasonable care to keep it in reasonably safe condition for use by the plaintiff and others having lawful occasion to visit its building served thereby. *Reardon* v. *Shimelman,* 102 Conn. 383, 386,

128 Atl. 705; *Lindblade* v. *United States Rubber Co.,* 102 Conn. 396, 400, 128 Atl. 707; *Turgeon* v. *Connecticut Co.,* 84 Conn. 538, 541, 80 Atl. 714. There being no appeal from the court's charge, it is to be presumed that the jury were correctly instructed that this was the duty resting upon the defendant, and that it was for them to decide whether or not, upon the facts determined by them, it had properly discharged this duty. *Schroeder* v. *Hartford,* 104 Conn. 334, 336, 132 Atl. 901; *DeCrosta* v. *New Haven,* 119 Conn. 344, 346, 176 Atl. 268. In reaching its conclusion upon this further question, even though the jury accepted as true the evidence relied upon by the defendant already recited as to what it had done to provide the means and employees to properly care for this walk, it still remained for them to determine just what the defendant's employees did or failed to do to this end, and also whether or not in their conduct in this connection they did what a reasonably prudent man would have done under the circumstances. *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 257, 21 Atl. 675, 22 id. 554; *Bunnell* v. *Waterbury Hospital,* 103 Conn. 520, 526, 131 Atl. 501. Upon the further evidence above recited as relied upon by the plaintiff, it is clear that the jury could reasonably have concluded that this conduct of the defendant's employees was such that it had failed to use reasonable care under the circumstances to keep the walk at this point in reasonably safe condition, and that therefore it was negligent and liable to the plaintiff. A verdict so arrived at, the court has no power to disturb. *Burr* v. *Harty,* 75 Conn. 127, 129, 52 Atl. 724; *Steinert* v. *Whitcomb,* 84 Conn. 262, 263, 79 Atl. 675; *Seidler* v. *Burns,* 86 Conn. 249, 250, 85 Atl. 369; *Dimon* v. *Romeo,* 99 Conn. 197, 199, 121 Atl. 352; *Gilstein* v. *Hartford,* 100 Conn. 279, 280; 123 Atl. 435; *State* v. *O'Brien,*

101 Conn. 499, 503, 126 Atl. 690; *Richard* v. *New York, N. H. & H. R. Co.,* 104 Conn. 229, 232, 132 Atl. 451; *Flynn* v. *Flynn,* 105 Conn. 628, 630, 136 Atl. 383.

In its memorandum of decision denying the motion to set aside the verdict, the court referred to the defendant's liability as dependent upon the failure of its servants to make the walk safe at the place in question, which might be construed as indicative of its having exacted of the defendant the duty of insurer rather than of reasonable care only, in deciding the motion. We do not so construe the memorandum, regarding the words used to have been due either to inadvertence or a lack of precision of expression on the court's part. Be that as it may, however, the application of the correct test as already explained makes clear that the court's conclusion that the motion should be denied, was correct.

There is no error.

In this opinion the other judges concurred.