BEATRICE CHATKIN *vs.* PETER TALARSKI ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued June 3d—decided July 1st, 1937.

*Samuel Steinberg*, for the appellant (defendant Peter Talarski).

*John W. Joy*, with whom was *Henry J. Goldberg*, and, on the brief, *Jacob Schwolsky*, for the appellee (plaintiff).

BROWN, J. The appellant defendant is entitled to none of the corrections sought in the finding, which contains the following material facts: The defendants for nineteen years had owned the property known as 108 Governor Street in Hartford, where the defendant Peter conducted an undertaking business, and he was solely responsible for the care of the walk and steps leading to the undertaking parlor utilized therein. The building was a one-story structure with several steps leading to the front entrance. It had a flat roof, under the eaves of which was a conductor pipe with holes in it from which water leaked forming icicles, causing water to drip upon these steps below. As constructed, the roof retained snow when it fell, in such quantities that with rising temperature in the day time the snow would melt, causing water to drip upon the steps and later freeze, resulting in a dangerous condition. The defendant Peter knew this from his observation on numerous occasions during his ownership. On February 28th, 1933, snow, which had fallen the day before, melted, and water from the melting snow and ice dripped onto the steps, all of which was known to the defendant Peter when he left the building for the day at about 4 o'clock that afternoon. At that time having observed ice on the steps where it had started to freeze, he cleaned them, but the water was still dripping and the steps were wet when he left. Although the water continued to drip and freeze so that when the plaintiff came there at about 6 o'clock

the steps were icy and dangerous, he meantime left no one in charge and did nothing to remedy the situation.

The plaintiff had come to the undertaking parlor for the purpose of having the defendant Peter call at the home of a neighbor, who had told her that a member of his family had died and that he was anxious to get in touch with Peter Talarski, the Polish undertaker who had this undertaking parlor. The plaintiff believed this statement and had her daughter drive her to the defendant Peter's place of business in compliance with this request. The plaintiff is a Jewish woman and had no occasion to go to this Polish undertaking establishment other than for the purpose of thus accommodating her neighbor. The plaintiff ascended the steps, found the door locked, and receiving no response upon ringing the bell, turned to descend, when by reason of the icy condition of the steps, she slipped and fell down, receiving the injuries complained of. The ice on which she fell was a quarter of an inch thick and glassy, and had existed there for an appreciable time. The court concluded that the plaintiff was in the exercise of due care; that the plaintiff's fall and injuries were caused by the icy condition of the steps of which the defendant Peter knew or should have known; that he was negligent in allowing this icy condition to exist, and also, in view of his knowledge of the facts, in failing to adopt proper precautionary measures to guard against it for the protection of one lawfully using the steps; and that the plaintiff was entitled to judgment against the defendant Peter in the sum of $300.

Our conclusion that the defendant appellant is not entitled to any correction of the finding is decisive of this appeal. His principal contention in support of it is that his introduction in evidence of the official record of the bureau of vital statistics of Hartford showing

that no one had died on Heath Street on the day in question, was conclusive that the testimony of the plaintiff and her daughter that the former's purpose in going to the defendant's premises was to arrange a funeral for someone who resided at 117 Heath Street, was false, and that with this fact eliminated from the finding there was nothing to show that the plaintiff was an invitee, and therefore she cannot recover. The fact shown by this record, however, was by no means necessarily inconsistent with or contradictory of the plaintiff's evidence as to her purpose in going, or of the court's finding with regard thereto. The latter makes clear that the court determined the plaintiff's evidence to be the truth. This being so, whether or not there had been a death in the neighbor's home is not of material consequence. Her purpose being what the court found it was, even though predicated upon a misapprehension of fact, its significance would not be affected. Thus with the facts found showing that she was an invitee, the defendant's duty to use reasonable care under the circumstances to keep the steps in reasonably safe condition is unquestioned. *Lisa* v. *Yale University*, 122 Conn. 646, 649, 191 Atl. 346; *Reardon* v. *Shimelman*, 102 Conn. 383, 388, 128 Atl. 705. Therefore the court's conclusion that the defendant was negligent is supported by facts properly found, and in conjunction with its further conclusion that this resulted in the icy condition which caused the plaintiff's fall notwithstanding her own due care, called for a judgment in her favor.

But one other contention of the defendant appellant requires comment. This relates to the court's failure to view the locus. The finding is that the defendants' counsel at the conclusion of the defendants' evidence, suggested that if the court had "any doubt," he would like to have it view the premises

"to see whether or not there is a conductor pipe." The court replied: "I will look if there is any doubt." The accident had occurred February 28th, 1933, and the trial was held May 20th, 1935. After the reply of the court just quoted, a police officer was called who gave direct testimony that at the time of the trial there was a conductor pipe there. The trial court states in the finding that in view of that testimony it was of the opinion that no useful purpose would be served by it personally viewing the premises. Evidently the court was not in any doubt as to the existence of a conductor pipe at that time. We cannot say therefore that the court's failure to view the locus constituted error.

There is no error.

In this opinion the other judges concurred.